ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LEONARDO SÁNCHEZ PACHECO REPRESENTADO POR ILIA PACHECO MORALES<br><br>APELANTE<br><br>V.<br><br>CARMEN JULIA MALDONADO NEGRÓN<br><br>APELADO | TA2026AP00448 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ciales<br><br>Caso Núm. MV2024CV00126<br><br>Sobre: Desahucio (En Precario) |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de junio de 2026.

Comparece ante nos, el menor Leonardo Sánchez Pacheco ("Sánchez Pacheco"), representado por su madre, Ilia Pacheco Morales (en adelante, en conjunto, "la parte apelante"). Solicita nuestra intervención para que dejemos sin efecto la *"Sentencia"* emitida y notificada el 1 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ciales. Mediante esta, el foro primario, declaró *No Ha Lugar* la *"Demanda"* presentada por la parte apelante. En consecuencia, estableció que no procede ordenar que la señora Carmen Julia Maldonado Negrón (en lo sucesivo, "la recurrida") sea desahuciada del bien inmueble en disputa.

Por los fundamentos que expondremos a continuación, *confirmamos* la *"Sentencia"* recurrida.

**I.**

El 31 de julio de 2024, la parte apelante presentó una *"Demanda"* de desahucio en contra de la recurrida. Arguyó, que el menor Sánchez Pacheco es dueño de un bien inmueble sito en el municipio de Morovis y la

recurrida mantiene la posesión precaria del mismo, sin fundamento legal que le asista. En vista de lo anterior, sostuvo que desea recuperar la tenencia de dicho bien por lo que solicitó que se ordene el desalojo de la recurrida.

En respuesta, el 11 de septiembre de 2024, la recurrida presentó *"Contestación a Demanda."* En esencia, negó las alegaciones principales expuestas en la reclamación. Aseveró en la afirmativa, que la parte apelante no ha presentado documentación que evidencie el dominio que aducidamente tiene el menor Sánchez Pacheco sobre el inmueble en cuestión. A su vez, adujo que de buena fe ella construyó una estructura residencial sobre el solar objeto de litigio. Ante ello, esgrimió que el aludido menor no puede recuperar la posesión de un bien que no le pertenece por no ser la persona que edificó la referida residencia. Por consiguiente, es de su apreciación que lo que procede en este caso es que el menor Sánchez Pacheco le venda el terreno en donde ubica la residencia. En la alternativa, entiende que procede que el referido menor le desembolse el precio de la edificación, a tenor del valor actual del mercado.

Surge de la *"Resolución y Orden"* notificada el 18 de septiembre de 2024, que el procedimiento de desahucio se convirtió en uno ordinario. Así las cosas, el 16 de marzo de 2026, se celebró el juicio del presente caso. Durante la celebración de este se desfiló prueba documental y testifical. Esta última consistió en los testimonios del menor Sánchez Pacheco; de su madre, la señora Pacheco Morales; de la recurrida; y de dos (2) testigos provistos por la parte apelante y otros dos (2) testigos presentados por la recurrida.

Concluida la vista en su fondo, el 1 de abril de 2026, el foro apelado notificó la *"Sentencia"* objeto de revisión. Mediante esta, declaró *No Ha Lugar* la *"Demanda"* presentada por la parte apelante. En consecuencia, estableció que no procede ordenar que la recurrida sea desahuciada del bien inmueble en disputa.

El tribunal de instancia hizo formar parte de su *"Sentencia"* las siguientes determinaciones de hecho:

1- El demandante es el único heredero de Leonardo Sánchez Maldonado, quien falleció el 26 de marzo de 2022.

2- La demandada donó la finca 13,842 a su hijo Leonardo Sánchez Maldonado el 10 de septiembre de 2018, según la certificación registral.

3- De la certificación registral no surge que en la finca existe estructura residencial alguna.

4- Antes del 2017 existían sobre dicho predio dos estructuras de madera. En una de ellas residía la demandada y en la otra residía el hijo de esta, Leonardo Sánchez Maldonado con la Sra. Delia Rolón.

5- El paso del huracán María en el 2017 destruyó ambas estructuras.

6- Tanto la demandada como su hijo recibieron sendas compensaciones de FEMA por la destrucción de ambas estructuras.

7- La casa que está en el predio en este momento fue construida con el dinero que ambos recibieron, siendo la aportación mayor de la demandada, pues su hijo gastó parte del dinero en drogas.

8- La estructura es de cemento y la construcción la comenzó un sobrino de la demandada que esta identifica como Gabriel Maldonado y ella le pagaba a razón de cincuenta dólares la hora.

9- La casa está construida en el mismo lugar en que ubicaba la residencia de la demandada antes del paso del huracán. En dicha estructura vive la demandada y vivió su hijo, Leonardo, hasta su fallecimiento.

10- Se concluyeron las obras por personas contratadas por el Sr. Leonardo Sánchez Maldonado y posteriormente por la demandada hasta el 2024.

En desacuerdo, oportunamente el 1 de mayo de 2026, la parte apelante presentó ante este Tribunal un recurso de apelación. Mediante este, esbozó los siguientes señalamientos de error:

Erró el Honorable Tribunal de Primera Instancia al determinar que la demandada es poseedora de buena fe de la propiedad del demandante, toda vez que ésta desde que la ocupa conoce que no es la dueña, y sabe quien es el dueño, lo cual le hace poseedora de mala fe.

Erró el Honorable Tribunal de Primera Instancia al adjudicar asuntos que no estaban ante su consideración al determinar que la demandada es poseedora de buena fe de la propiedad del demandante, toda vez que la acción de desahucio no descansa en la buena o mala fe de la posesión, sino en el derecho de posesión de cada parte.

Erró el Honorable Tribunal de Primera Instancia al declarar No ha Lugar la Demanda, toda vez que el demandante demostró ser dueño de la propiedad, y la demandada no demostró ocuparla con derecho en ley.

El 5 de mayo de 2026, esta Curia notificó una *"Resolución"* mediante la cual le concedimos diez (10) días a la parte apelante para que expresara si para el examen de los errores señalados entendía necesaria la reproducción de la prueba oral vertida en el juicio. Transcurrido el término concedido, el 20 de mayo de 2026, notificamos una nueva *"Resolución."* Mediante esta, concluimos que la parte apelante desistió de presentar un método de reproducción de prueba oral, puesto que no se expresó sobre el particular en el término conferido para ello. A través de esta última *"Resolución,"* le concedimos a la recurrida un término de diez (10) días para presentar su alegato en oposición.

En la misma fecha, la recurrida presentó "*Alegato en Oposición a la Apelación."*

Con el beneficio de la comparecencia de las partes, procedemos a esbozar el marco jurídico aplicable a la presente controversia.

**II.**

**A. Desahucio:**

En nuestro Ordenamiento Jurídico la acción de desahucio está regulada por el Código de Enjuiciamiento Civil de 1933, según enmendado, 32 LPRA sec. 2821-2838. La petición de desalojo puede ser promovida por "los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes." 32 LPRA sec. 2821. Como norma general, la reclamación desahucio se caracteriza por ser una de naturaleza sumaria mediante la cual se dilucida la cuestión única de recuperar la posesión de un inmueble por quien tiene derecho a ella. *C.R.U.V. v. Román,* 100 DPR 318, 321 (1971). La promoción del trámite sumario se debe a que existe el interés estatal de atender con prontitud el reclamo del dueño de una finca al cual se le ha coartado su derecho a poseer y disfrutar la propiedad sobre la que mantiene el dominio. *SGL Ortiz-Mateo v. ELA,* 211 DPR 772, 799 (2023).

Ahora bien, el procedimiento de desahucio sumario se puede convertir en uno de trámite ordinario si con ello no se causan dilaciones

procesales innecesarias y la parte demandada establece un caso *prima facie* en su defensa. *Markovic v. Meldon y otro*, 2025 TSPR 99. Durante el proceso ordinario se podrán dilucidar las defensas afirmativas que pudiera levantar la parte demandada con relación a la acción de desahucio. *Id.* En los casos en que acontezca la conversión hacia la vía ordinaria, serán de aplicación las reglas procesales de la litigación civil y excluidos los plazos y condiciones restrictivas dispuestas en la legislación especial que gobierna el trámite sumario. *Id.*

**B.      La posesión:**

La posesión se define como la tenencia de una cosa o el disfrute de un derecho por una persona. *Mercado Vélez v. Mercado White y otros*, 214 DPR 731, 738-739 (2024). Nuestro Ordenamiento Jurídico contempla y distingue dos tipos de posesión: la posesión natural y la posesión civil. La primera, se caracteriza por la realidad fáctica de que el poseedor mantiene la tenencia física de la cosa y con ello la posibilidad real de usarla y de excluir a otros, sin la intención de comportarse como dueño de esta. *Santiago Maldonado v. Alvelo Rivera*, 2026 TSPR 14. Por su parte, la posesión civil se distingue por la voluntad de poseer como dueño, por medio de una conducta que exterioriza la intención de dominio sobre la cosa que se posee. *Id.*

Asimismo, entre los tipos de posesión que se reconocen en nuestra jurisdicción se encuentran la posesión de buena fe y la posesión de mala fe. *Mercado Vélez v. Mercado White y otros*, supra, pág. 739. Se entiende por poseedora de buena fe a aquella persona que ignora que en su título o modo de adquirir existe un vicio que lo invalida. *Id.* En cambio, es poseedora de mala fe la persona que sí reconoce un defecto en su título posesorio o sencillamente posee sin título alguno. *Id.* Cabe señalar, que la ignorancia del poseedor de buena fe debe ser una de tipo psicológico, la cual al mismo tiempo se ajuste al principio general de que todas las personas deben obrar sin ocasionar daños a otra. *Id,* pág. 740. En nuestro sistema legal la buena fe se presume, por lo que, la persona que alega la

mala fe tiene el peso de probar su existencia. *Consejo de Titulares del Condominio Parques de Cupey y otros v. Triple-S Propiedad, Inc.,* 2025 TSPR 82. "[L]a alegación de posesión de mala fe es una cuestión de hecho que debe estar sustentada en prueba suficiente para destruir la presunción y, en última instancia, le corresponde al tribunal determinar si existe la mala fe." *Mercado Vélez v. Mercado White y otros*, supra, pág. 739.

De otra parte, quien construye de buena fe en terreno ajeno deberá ser compensado en los casos en que el dueño del terreno desee hacer suya la obra. *Laboy Roque v. Pérez y otros,* 181 DPR 718, 726-727 (2011). En la alternativa, el dueño del terreno podrá obligar a la persona edificante a pagar el precio del suelo. *Id.* Por el contrario, la persona que edifica de mala fe en suelo ajeno no tiene derecho alguno sobre lo edificado ni a recibir una compensación por el valor de lo construido. *Id.* En este escenario, el dueño del terreno puede ordenar la demolición de la estructura a costa del edificante de mala fe. *Id.*

**III.**

En esencia, la parte apelante alega que la recurrida posee una propiedad a sabiendas de que no es suya y bajo el conocimiento de la identidad del legítimo dueño de la finca. Sobre esto, asevera que la propiedad en disputa le pertenece al menor Sánchez Pacheco por ser éste el único heredero del fallecido dueño del predio, el causante Leonardo Sánchez Maldonado. Expone que, tras la muerte del referido causante, la recurrida comenzó de mala fe un proceso de remodelación y habilitación de la estructura enclavada al terreno perteneciente al menor Sánchez Pacheco. Por consiguiente, concibe meritorio que la recurrida desaloje el bien inmueble.

Por su parte, la recurrida asevera que la parte apelante no presentó prueba que rebata la presunción de edificante de buena fe que le asiste. Sostiene, que realizó gestiones y pagos para construir una casa dentro del predio de terreno en cuestión, cuya edificación comenzó en el año 2019 y culminó en el año 2025. Al amparo de estos argumentos, nos solicita que

prestemos deferencia a la apreciación de la prueba realizada por el foro recurrido y en consecuencia peticiona que declaremos improcedente el desahucio solicitado.

Tras una revisión detallada del expediente ante nuestra consideración, concluimos *confirmar* el dictamen recurrido. Nos explicamos.

Surge de la *"Demanda,"* que la parte apelante instó una acción de desahucio en contra de la recurrida con el fin de que la referida parte desaloje un inmueble ubicado en el Municipio de Morovis. Las reclamaciones de desahucio tienen el propósito de que la parte promovente logre recuperar la tenencia de una propiedad en los casos en que pueda demostrar que otra persona mantiene la posesión ilícita de uno de sus bienes y a su vez le está impidiendo el disfrute de la cosa poseída. En el presente caso, el foro primario ordenó la conversión de los procedimientos de un trámite de desahucio sumario a uno de tramitación ordinaria. Durante el transcurso de los procesos, la recurrida levantó como defensa que edificó de buena fe la casa que actualmente reside.

Considerando que la presente causa de acción es sobre desahucio, determinamos que, a luz de las circunstancias particulares de este caso, no se configuran los elementos necesarios para ordenar el desalojo de la recurrida. Contrario a lo aducido por la parte apelante, la recurrida no mantiene una posesión injustificada de la propiedad residencial. Surge de la apreciación de la prueba realizada por el tribunal de instancia, que la recurrida era dueña del terreno en controversia donde tenía una casa de madera. Para el año 2017, el Huracán María destruyó su casa y al año siguiente la recurrida le donó el terreno a su difunto hijo, Leonardo Sánchez Maldonado. Su hijo falleció en el año 2022. Cabe destacar, que antes de la muerte del aludido causante, la recurrida comenzó, con ayuda de subvenciones federales, la construcción de una casa de cemento en el mismo lugar donde ubicaba su antigua casa de madera.

No surge del expediente que el difunto titular del terreno presentara alguna objeción relacionada a los actos de reconstrucción que la recurrida empezó antes de su fallecimiento. Por consiguiente, estos fueron realizados bajo su vista, conocimiento y paciencia. Ante este cuadro fáctico, es legítima la posesión que actualmente la recurrida mantiene sobre la estructura construida y su accionar no constituye mala fe.

En vista de ello, en estos momentos y para efectos de este pleito, la recurrida tiene derecho a retener el inmueble construido. Cabe reafirmar, que el elemento de mala fe es una cuestión de hecho que debe ser sustentada con prueba suficiente que logre derrotar la presunción de que las personas actúan con buena fe.

Cónsono con lo anterior, la parte apelante tampoco demostró de forma fundamentada que el foro primario haya incidido en la apreciación de la prueba o en la realización de las determinaciones de hechos acogidas. Aún más, la parte apelante no realizó acto afirmativo alguno para lograr la reproducción de la prueba oral que fue vertida durante el juicio. Ello, a pesar de que dicha parte apoya algunos de los argumentos de su recurso apelativo con las declaraciones testimoniales ofrecidas en la vista en su fondo. Ante este escenario, la parte apelante no nos coloca en posición de variar la apreciación de la prueba oral realizada por el foro primario. Por lo tanto, merece nuestra deferencia el ejercicio de evaluación probatoria efectuado por el foro apelado y la exposición de sus determinaciones de hecho. Véase, *Santiago Maldonado v. Alvelo Rivera*, supra.

A la luz de las anteriores consideraciones, concluimos que los señalamientos de error no fueron cometidos y que es meritorio *confirmar* el dictamen objeto de revisión. Es preciso señalar, que la *"Sentencia"* que hoy emitimos se circunscribe únicamente a establecer que bajo la presente acción de desahucio no procede que la recurrida sea desalojada de la casa en cuestión. Con ello en mente, puntualizamos que nuestra determinación en nada incide ni se extiende o limita los derechos hereditarios que el

menor Sánchez Pacheco pueda tener sobre los bienes pertenecientes a su fallecido progenitor.

**IV.**

Por los fundamentos expuestos, *confirmamos* la *"Sentencia"* recurrida.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
